IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30938
_____


SUSAN LAUGHLIN,

                                        Plaintiff-Appellant,

                        versus

CARDIOVASCULAR INSTITUTE OF
THE SOUTH, a Professional Corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 99-CV-9092-G)
_____

March 8, 2001

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-appellant Susan Laughlin appeals the district court's entry of

summary judgment for defendant Cardiovascular Institute of the South (CIS).  To be

entitled to leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2601-2654, an employee must give the employer notice sufficient to reasonably apprise the employer of a request to take time off for a serious health condition. *See Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 980 (5th Cir. 1998). Notice must be given as soon as is practicable. *See* 29 C.F.R. § 825.303. The notice should be sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave. *See* 29 C.F.R. § 825.302(c). Laughlin initially asked CIS for leave on December 3, 1998. Laughlin's social worker Gail Aycock filled out a FMLA medical-certification form indicating that Laughlin would return to work on January 4, after a month of leave. CIS granted Laughlin's leave.

On January 3, 1999 Both Laughlin and her husband Patrick Laughlin talked to CIS employee John Chromy during a phone call and told him that Laughlin needed more time, but said nothing about her health condition or how long she expected to be out. The next day Laughlin resigned without arguing for her job or making it clear that she was seeking FMLA-protected leave.

Although Laughlin's initial request for FMLA leave was sufficient notice to CIS under the FMLA, her later request for an extension was not. It was not adequate to inform CIS that Laughlin was requesting FMLA-qualifying leave. *See Satterfield*, 135 F.3d at 981 (holding that an employee's communication that she

2

was "sick" and "having a lot of pain in her side" was insufficient notice under the FMLA). Indeed, Chromy testified that he was unaware that Laughlin was requesting an extension of her FMLA leave and that he would have given her an extension had he known she wanted it.

AFFIRMED.